NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH AJWANI,<br><br>    Plaintiff,<br><br>vs.<br><br>HANMI BANK, a California Corporation; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No. CV14-2423 FMO (FFMx)<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |

    Subject to the approval of this Court, Defendant HAMNI BANK ("Defendant) and Plaintiff PRAKASH AJWANI ("Plaintiff") hereby stipulate to the following protective order:

    1.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization,

1  the disclosure of which information may have the effect of causing harm to the
2  competitive position of the person, firm, partnership, corporation, or to the
3  organization from which the information was obtained.

4      2.    By designating a document, thing, material, testimony or other
5  information derived therefrom as "confidential," under the terms of this order, the
6  party making the designation is certifying to the court that there is a good faith
7  basis both in law and in fact for the designation within the meaning of Federal Rule
8  of Civil Procedure 26(g).  Confidential documents shall be so designated by
9  stamping copies of the document produced to a party with the legend
10 "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any
11 multipage document shall designate all pages of the document as confidential,
12 unless otherwise indicated by the producing party.

13     3.    Testimony taken at a deposition~~, conference, hearing or trial~~ may be
14 designated as confidential by making a statement to that effect on the record at the
15 deposition ~~or other proceeding~~.  **(FFM)**  Arrangements shall be made with the
16 court reporter taking and transcribing such proceeding to separately bind such
17 portions of the transcript containing information designated as confidential, and to
18 label such portions appropriately.

19     4.    Material designated as confidential under this Order, the information
20 contained therein, and any summaries, copies, abstracts, or other documents
21 derived in whole or in part from material designated as confidential (hereinafter
22 "Confidential Material") shall be used only for the purpose of the prosecution,
23 defense, or settlement of this action, and for no other purpose.

24     5.    Confidential Material produced pursuant to this Order may be
25 disclosed or made available only to the Court, to counsel for a party (including the
26 paralegal, clerical, and secretarial staff employed by such counsel), and to the
27 "qualified persons" designated below:
28 / / /

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

-2-
STIPULATED PROTECTIVE ORDER

1       (a)    a party, or an officer, director, or employee of a party deemed
2  necessary by counsel to aid in the prosecution, defense, or settlement of this action;
3       (b)    experts or consultants (together with their clerical staff) retained by
4  such counsel to assist in the prosecution, defense, or settlement of this action;
5       (c)    court reporter(s) employed in this action;
6       (d)    a witness at any deposition or other proceeding in this action; and
7       (e)    any other person as to whom the parties in writing agree.

8      Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Appendix A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

9      6.    Depositions shall be taken only in the presence of qualified persons.

10      7.    The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

11      8.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

///

**Gordon & Rees LLP**
2211 Michelson Drive Suite 400
Irvine, CA 92612

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and **submitted for filing** ~~filed~~ under seal **pursuant to Local Rule 79-5** ~~until further order of this Court~~. **(FFM)**

10. In the event that any Confidential Material is used in any court proceeding in this action, ~~it shall not lose its confidential status through such use, and~~ **(FFM)** the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination

-4-
STIPULATED PROTECTIVE ORDER

of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

**14.    If a party to whom Confidential Material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order.  It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency.  The party subject to the subpoena or order shall not produce any Confidential Materials in advance of the date required by the subpoena or order.  Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order. (FFM)**

APPROVED AND SO ORDERED:

DATED: February 18, 2015

                                         /S/ FREDERICK F. MUMM
                                         UNITED STATES MAGISTRATE JUDGE

STEPHANIE P. ALEXANDER (SBN 205701)
NATE TARVIN (SBN 251094)
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone:  (949) 255-6950
Facsimile:   (949) 474-2060

Attorneys for Defendant HANMI BANK

# UNITED STATES DISTRICT COURT
# CENTRAL OF CALIFORNIA

| | |
|---|---|
| PRAKASH AJWANI,<br><br>              Plaintiff,<br><br>vs.<br><br>HANMI BANK, a California Corporation; and DOES 1 to 10, inclusive,<br><br>              Defendants. | Case No. CV14-2423 FMO FFMX<br><br>**APPENDIX "A" TO STIPULATED PROTECTIVE ORDER** |

    I, _____, certify that I have read the Stipulated Protective Order dated _____, entered in the above-captioned action and further certify that I fully understand the procedural and substantive requirements of that Stipulated Protective Order, a copy of which is attached hereto.  Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of that Stipulated Protective Order, and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Stipulated Protective Order.  I subject myself to the

-6-
STIPULATED PROTECTIVE ORDER

jurisdiction and venue of the Superior Court of California, County of Los Angeles for purposes of enforcement of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed this ___ day of _____, 2015, at _____, _____
                                                                                  [city]               [state]

Signed: _____

_____
PRINT NAME

_____
ADDRESS

_____
CITY, STATE, ZIP

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**